UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-185-RJC

| | |
|---|---|
| SHELDON SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ASHLEY CANNON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.     BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Iredell County Detention Center, filed this case pursuant to 42 U.S.C. § 1983.[1] [Doc. 1]. He names as the sole Defendant Ashley Cannon, a criminal defense attorney whom he appears to have retained between November 30, 2022 and March 21, 2023. [Id. at 5]. He asserts claims under "Constitutional Amendments 5, 6, Human Rights Article 3, 5, 7, 8, 11." [Id. at 3]. He alleges that:

> Ashley Cannon told me an my family that she would get me out on medical realease/then told my family that I wanted to die in jail from cancer and that North Carolina don't have to abide by the Constitution or Humen Rights.

[Id. at 5] (errors uncorrected). The Plaintiff does not allege any injuries. [Id.]. For relief, he seeks the return of $40,000 that he paid counsel, plus interest. [Id.].

**II.    STANDARD OF REVIEW**

---
[1] The Plaintiff's present charges include two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of assault with a deadly weapon with intent to kill and inflicting serious injury in Iredell County Superior Court Case Nos. 2022CRS000743 through -47. See Fed. R. Ev. 201.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff attempts to assert a claim against his retained criminal defense lawyer. However, the Plaintiff makes absolutely no factual allegations to support the contention that the Defendant was acting under the color of state law. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). The Plaintiff's allegations are also so vague and conclusory that they fail to satisfy the most basic pleading requirements such that the Court is unable to determine the nature of his claims. Accordingly, the Complaint would be dismissed even if the Plaintiff had named a Defendant against whom this § 1983 action could proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Complaint, therefore, fails initial review and it is dismissed without prejudice.

**IV.     CONCLUSION**

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and it is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

3

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: March 8, 2024

Robert J. Conrad, Jr.
United States District Judge